KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division

CANDACE KELLY (CSBN 191473)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6962
    FAX: (415) 436-7234

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> HARUT KORAKOSSIAN, ) <br>     a/k/a Harry Korakossian, ) <br>     a/k/a Harut Korakissian, ) <br>     a/k/a Harry Korakissian, ) <br>     a/k/a Harutyun Kirakossian, ) <br> WILSON FUNG, ) <br> EDWARD RIDGELL, and ) <br> DAISY TORRES CRUZ, ) <br> ) <br>     Defendants. ) <br> ) | No. CR 06-0090-MHP <br><br> STIPULATION AND [PROPOSED] PROTECTIVE ORDER |

    Defendants are charged with violations of Title 18, United States Code, Sections 1347 and 2– Health Care Fraud and Aiding, and Title 18, United States Code, Section 1349 – Conspiracy to Commit Health Care. In the course of discovery in this matter, the defendants have requested production and review of documentary evidence in the possession of the government which contains individually identifiable information

ORDER
CR 06-0090-MHP

disclosing medical information about patients who are not parties to this proceeding.  The underlying substantive facts in this documentary evidence may be material and necessary to the prosecution or defense of this proceeding.  To expedite the production of discovery material and to adequately protect the individually identifiable health information, the parties agree and stipulate that materials containing individually identifiable health information will be handled in accordance with the conditions set forth below.  In order to protect the confidentiality of this information, and with the stipulation of the parties, the government asks the Court to enter the following protective order:

      1.     Before producing materials containing individually identifiable health information, the government will designate such materials as confidential by affixing "CONFIDENTIAL HEALTH INFORMATION –SUBJECT TO PROTECTIVE ORDER" to the material itself or to the diskette or CD-Rom containing the material.

      2.     Except when being actively examined for the purpose of the preparation of the defense's case, defense counsel shall maintain the protected material in a locked, safe, and secure drawer, cabinet, safe, or room which is accessible only to defense counsel.  Defense counsel shall not permit any person access of any kind to the protected materials except as set forth below.

      3.     If any defense counsel wishes to utilize the services of any paralegal, investigator, expert or other individual to review the protected materials in connection with the preparation of a defense, <u>prior to receiving access to the materials</u> such individual must sign a copy of the "Acknowledgment of Protective Order and Proper Handling of Materials Subject Thereto" attached to a copy of this Order acknowledging that:

      a)     he/she has reviewed the Order;

      b)     he/she understand its contents;

      c)     he/she agrees that he/she will only access the protected materials for the purposes of preparing the defense case;

      d)     he/she will not make any copies of any of the protected materials

ORDER
CR 06-0090-MHP

without further order of the Court;

  e) he/she understands that failure to abide by this Order may result in sanctions by this Court.

 Defense counsel shall promptly file signed copies of the Order along with the signed Acknowledgment of Protective Order and Proper Handling of Materials Subject Thereto Order, ex parte and under seal. The government shall have no access to these signed copies without further order of the Court.

  4. A copy of this order shall be maintained with the protected material at all times.

  5. Counsel should make every effort to redact the individually identifiable health information that is included in pleadings. In addition, any pleadings in which it is necessary to include or make reference to such information shall be filed under seal.

  6. Within five court days of any judgement and sentencing hearing in this matter, all material containing individually identifiable health care information that was produced pursuant to this Order, if any, shall be returned to the Government or destroyed by shredding or similar manner. If defendant believes that he or she must maintain the protected material for any reason related to appeal, defendant must seek authorization from the Court within five days of the sentencing and judgement in this matter.

SO STIPULATED.

DATED: 4/24/06          _____/s/_____
                  ELLEN BARRY
                  Attorney for Defendant FUNG

DATED: 5/1/06           _____/s/_____
                  CANDACE KELLY
                  Assistant United States Attorney

ORDER
CR 06-0090-MHP

1  IT IS ORDERED that disclosure of the above-described discovery materials
2  shall be restricted as set forth above.
3
4  DATED: May 4, 2006



_____
MARILYN HALL PATEL
United States District Judge

ORDER
CR 06-0090-MHP

**Acknowledgment of Protective Order and Proper Handling of Materials Subject Thereto**

I _____ am employed as a(n) _____ and I am assisting ____ _____ (attorney) in the preparation of the defense of _____ (defendant). In anticipation of reviewing materials that contain individually identifiable health information, I have reviewed the attached Order. I understand its contents. I agree that I will only access the protected materials for the purposes of preparing the defense case. I will not make any copies of any of the protected materials without further order of the Court. I understand that failure to abide by this Order may result in sanctions by this Court.

DATED:                                                          _____

ORDER
CR 06-0090-MHP