|     |     |     |
| --- | --- | --- |
| 1   |     |     |
| 2   |     |     |
| 3   |     |     |
| 4   |     |     |
| 5   |     |     |
| 6   |     |     |
| 7   |     |     |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No.: CR 06 0090 MHP |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | STIPULATION AND ORDER (Proposed) |
| WILSON FUNG and<br>EDWARD RIDGELL, | ) | |
| Defendants. | ) | |

The parties have reached an agreement that entails the defendants' cooperation as part of a formal diversion agreement with the United States Attorney's Office.  Currently the matter is set for status on October 29, 2007.  Based on the parties' resolution of the case, the parties ask the Court to vacate the October 29, 2007, appearance, set a status date of December 10, 2007, at 10 a.m., and exclude time under the Speedy Trial Act until December 10, 2007.  Specifically:

1. The resolution has been approved by the United States Attorney's Office.

2. Before finalizing the terms of their written diversion agreement, the parties will schedule a proffer session and review certain documents relevant to that session.  The parties also need to determine how the defendants will pay their restitution obligation.  The parties agree that continuing the case to allow this process is the reasonable time necessary for effective preparation of both parties, taken into account the exercise of due diligence.  See 18 U.S.C. § 3161(h)(8)(B)(iv).  The parties also agree that the ends of justice served by the granting of the

1  continuance to allow this process outweigh the best interests of the public and the defendants in a
2  speedy trial.  See id. § 3161(h)(8)(A).  The parties also agree that a failure to continue the case to
3  allow the defendants the opportunity to enter the diversion program would be likely to result in a
4  miscarriage of justice.  See id. §3161 (h)(8)(B)(i).

5     3. In addition, under the Speedy Trial Act, time is excluded from the Speedy Trial clock if
6  the United States defers prosecution pursuant to a written agreement with a defendant for the
7  purpose of allowing the defendant to demonstrate his good conduct.  See 18 U.S.C. § 3161(h)(2).

8     4. Because time under the Speedy Trial Act can be excluded only to a date certain, the
9  parties have picked a status date of December 10, 2007.  Once the written diversion agreements
10 and restitution terms have been finalized, the parties will determine the exact period for the
11 diversionary period and submit a further order to the Court vacating the December 10, 2007,
12 hearing date and setting a date that coincides with the end of the diversionary period.

13 STIPULATED:

14 DATED:_____           _____/s_____
                                   ELLEN BARRY
15                                 Attorney for Wilson Fung

16 DATED:_____           _____/s_____
                                   GEOFFREY HANSEN
17                                 Attorney for Edward Ridgell

18 DATED:_____           _____/s_____
                                   LAUREL BEELER
19                                 TIMOTHY J. LUCEY
                                   Assistant United States Attorneys
20

21    For good cause shown, and for the reasons stated above, the Court (a) vacates the October 29,
22 2007, hearing date based the United States' deferral of prosecution against the defendants, (b)
23 sets a status date of December 10, 2007, at 10:00 a.m., and (c) excludes times under the Speedy
24 Trial Act from the date of this order to December 10, 2007.  The Court finds that continuing the
25 case is the reasonable time necessary for effective preparation of both parties, taken into account
26 the exercise of due diligence.  See 18 U.S.C. § 3161(h)(8)(B)(iv).  The Court finds and holds that
27 the ends of justice served by the granting of the continuance to allow this process outweigh the
28 best interests of the public and the defendants in a speedy trial.  See id. § 3161(h)(8)(A).  The

1  Court finds and holds that a failure to continue the case to allow the defendants the opportunity
2  to enter the diversion program would be likely to result in a miscarriage of justice.  See id. §3161
3  (h)(8)(B)(i).  Finally, the Court excludes time under 18 U.S.C. § 3161(h)(2) until December 10,
4  2007, to allow the defendants to demonstrate their good conduct so that the charges against them
5  may be dismissed.
6      IT IS SO ORDERED.
7  DATED: 10/29/2007 _____



MARILYN HALL PATEL
United States District Judge

STIPULATION AND ORDER (CR 06 0090 MHP)            3